UNITED STATES DISTRICT CORUT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Service Lighting, Inc., | Court File No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| BuyLites, Inc. LLC, and<br>Glass Surface Systems, Inc., | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Service Lighting, Inc., ("Service Lighting") as and for its Complaint against BuyLites, Inc. LLC ("BuyLites") and Glass Surface Systems, Inc., ("GSS") states and alleges as follows:

## THE PARTIES

1. Service Lighting is a Minnesota corporation having its principal place of business at 11621 95th Avenue North, Maple Grove, Minnesota.

2. Defendant BuyLites is an Ohio corporation that incorporated in February of 2011 with its principal place of business in Ohio.

3. Defendant GSS is an Ohio corporation with its principal place of business in Barberton, Ohio.

4. Upon information and belief, GSS is the parent or sister company to BuyLites.

5. Upon information and belief both BuyLites and GSS are owned by Barry Jacobs.

## JURISDICTION

6. This action for preliminary injunctive and other relief is based on copyright infringement and this Court has subject matter jurisdiction over this action pursuant to Title 17 of the United States Code and 28 U.S.C. §1338. Venue is proper in this judicial district under 28 U.S.C. §1391(c) and 1400 (a).

7. This Court has personal jurisdiction over BuyLites and GSS because both entities have purposely availed themselves of the privilege of doing business in the State of Minnesota by offering light bulbs for sale on their website www.buylites.com, taking orders on its website from Minnesota customers and shipping product to customers in the State of Minnesota. Moreover, BuyLites has intentionally infringed the copyrights of Service Lighting knowing that the impact of an infringement would be felt by Service Lighting in Minnesota.

8. On October 10, 2011, Defendant BuyLites sold via the Internet products, upon which Plaintiff maintains copyright protection, to a Minnesota resident; more specifically, BuyLites sold four Halco light bulbs, product numbers 102380 and 104020, corresponding to Plaintiff's U.S. Copyright Service Request Numbers 1-672042951 and 1-670362191, respectively.

## GENERAL ALLEGATIONS

9. Service Lighting is a corporation that has been in existence since 1951, and incorporated in 1958.

10. Beginning in 1996, Service Lighting started to sell its lighting products on the Internet to customers worldwide.

11. In 1997 Service Lighting started using in-house photography to create custom, high-resolution images to advertise and display its product for sale on its Internet website.

12. Approximately Seventy Five Percent of the light bulb photographs on Service Lighting's website were taken by Service Lighting personnel, and are custom, high-resolution photographs that are unique in the industry and establish Service Lighting's reputation as a quality distributor of lighting products.

13. Service Lighting has heavily invested in its Internet sales efforts, especially so with respect to the production of custom, high-resolution imagery to market its product on the website.

14. BuyLites was organized in the State of Ohio in February of 2011.

15. Within months of its organization, BuyLites began to copy the custom, high-resolution photographs of Service Lighting for use on its own website.

16. On April 13, 2011 Service Lighting first noticed the use of its custom images and text on the BuyLites website.

17. That same day, Service Lighting sent a written communication to BuyLites demanding removal of the infringing images from Defendants' website.

18. On April 14, 2011, Service Lighting filed a Digital Millennium Copyright Act Take-Down Notice ("DMCA Take-Down") with BuyLites' hosting provider, Telmanik, as no response was received by Service Lighting from Defendants in response to the written communication.

19. Shortly after the filing of the DMCA Take-Down, BuyLites' privileges were suspended by Telmanik.

20. On April 18, 2011, Service Lighting independently determined BuyLites had moved to another Internet hosting provider, BlueDomino.com, and again BuyLites continued to use Service Lighting's custom photographic images on BuyLites' website.

21. Service Lighting filed its second DMCA Take-Down with BlueDomino.com on April 18, 2011, and forwarded a copy to Defendants' owner, Barry Jacobs.

22. On April 20, 2011, BlueDomino.com notified Service Lighting it had suspended BuyLites' account.

23. On May 11, 2011, Service Lighting noticed Defendants had again moved to a new hosting provider, a Swedish host named ManuFrog, and again displayed Plaintiff's protected images. It immediately filed a third DMCA Take-Down against Defendants; Defendants removed the infringing content from its site.

24. On June 8, 2011, Service Lighting again noticed use of its protected images on the BuyLites website through ManuFrog, and promptly sent Barry Jacobs a letter demanding the infringing content be removed.

25. Shortly thereafter, Barry Jacobs, an officer of BuyLites, responded to Service Lighting and assured Plaintiff that BuyLites was "working diligently to make sure that we do not use your photographs in any way."

26. The infringing content was removed, and Service Lighting continued to monitor the Internet for further infringement.

27. Despite the written assurances of BuyLites that it would not continue to utilize Plaintiff's copyrighted, custom images, BuyLites once again began to use the protected images through the ManuFrog host.

28. On September 6, 2011, Service Lighting again filed a DMCA Take-Down with ManuFrog.

29. Unlike before, upon information and belief, BuyLites responded to ManuFrog with a DMCA Counter Notice, enabling it to maintain its presence on the Internet.

30. From October 4, through October 14, 2011, Plaintiff registered copyrights on approximately 7500 custom, high-resolution images with the United States Copyright Office; the Service Request Numbers for those images individually filed are as follows:

   a.) Service Request No. 1-667720961;

   b.) Service Request No. 1-670362191; and

   c.) Service Request No. 1-672042951.

The Service Request Numbers and Copyright Registration Numbers, where available, for those images filed in groups are as follows:

   a.) Service Request No. 1-670562701; Issued Copyright Registration No. VA0001789883;

   b.) Service Request No. 1-671580138; Issued Copyright Registration No. VA0001790477;

   c.) Service Request No. 1-672204987;

   d.) Service Request No. 1-672318230;

   e.) Service Request No. 1-672590652;

   f.) Service Request No. 1-672590770;

   g.) Service Request No. 1-672590835;

h.) Service Request No. 1-672590997;

i.) Service Request No. 1-672591150;

j.) Service Request No. 1-672673339;

k.) Service Request No. 1-672673502; and

l.) Service Request No. 1-672673611.

31. As recently as October 10, 2011, BuyLites posted protected photographs belonging to Plaintiff on its website advertising its new products.

32. At no time did Defendants ask, nor was permission granted by the Plaintiff to Defendants, for the right and/or ability to utilize the protected high-resolution photographs.

33. Service Lighting daily examines the Internet in search of potential infringers of its copyrighted products.

34. On at least 25 separate occasions, Service Lighting has taken steps to demand other retailers remove Service Lighting's copyrighted images from the retailers' website.

35. Service Lighting has been successful in all instances, except here with BuyLites, convincing infringing competitors from utilizing the protected images.

36. Service Lighting posts a copyright notice on each page of its website, and has installed protective software on its website, in an effort to deter visitors to the site from utilizing Plaintiff's protected images and descriptions.

37. Service Lighting takes additional steps to protect its copyrighted material by entering into license agreements with vendors or providers, authorizing the use while

at the same time preserving and maintaining all copyright protections and rights available to Service Lighting.

38.   There is no licensing agreement between the parties hereto, yet BuyLites continues to unlawfully infringe on Plaintiff's copyrighted materials.

39.   Defendants have improperly and without authority, acquired protected images and text descriptions of product in an effort to compete with Service Lighting.

40.   BuyLites through its unauthorized infringement of Plaintiff's copyrighted material has denied Plaintiff the fair compensation it is due.

41.   BuyLites continues to post protected images on its website on what appears to be a daily basis, and these ongoing violations will continue without this Court's intervention.

42.   Service Lighting is being and will be irreparably harmed by Defendants' improper and continued utilization of its protected material.

## COUNT ONE

## COPYRIGHT INFRINGMENT

43.   Service Lighting incorporates by reference the allegations of paragraphs 1-42 of this Complaint as if fully stated herein.

44.   Service Lighting has properly applied for valid copyright registrations related to high-resolution imagery of its product it utilizes for Internet sales.

45.   Service Lighting is the exclusive owner of the copyrights and all requisite information was recorded with the Copyright Office between October 4 and October 13, 2011. Service Lighting's Submission Numbers are as set forth in Paragraph 27.

46. Defendants have infringed Service Lighting's copyrights in violation of 17 U.S.C. §101 et seq., by copying, publishing and distributing said materials without authority. Defendants' infringing acts include the unauthorized reproduction of copies of the copyrighted works; unauthorized preparation of derivative works based on the copyrighted work; and unauthorized distribution of the copyrighted works.

47. Service Lighting has been damaged as a result of Defendants' use of copyrighted material and will continue to be damaged unless Defendants are preliminarily and permanently enjoined by this Court from such activities in the future.

48. As a result of Defendants' acts of copyright infringement, Service Lighting is entitled to recover damages for the unauthorized use of its copyrighted material.

49. Defendants' use of Service Lighting's copyrighted material has been willful, and Service Lighting is entitled to increased damages for Defendants' willful conduct.

## COUNT TWO

### VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

50. Service Lighting incorporates by reference the allegations of paragraphs 1-49 of this Complaint as if fully stated herein.

51. On September 6, 2011, Plaintiff provided a DMCA Take-Down Notice to ManuFrog, Defendants' Swedish Internet hosting provider, identifying copyright work of Plaintiff claimed to be infringed upon by Defendants. The DMCA Take-Down further provided the material complained of was not authorized by Plaintiff, and Plaintiff was the exclusive owner of said material.

52. In response to the DMCA Take-Down, Defendants improperly and falsely prepared and forwarded to its service provider a counter notification as provided for under 17 U.S.C.A. §512 (g) (3).

53. In submitting the counter notification, Defendants represented under penalty of perjury they had a good faith belief that the infringing material was removed or disabled as a result of mistake or misidentification.

54. Defendants' representations in the counter notification were false.

55. Under the provisions of 17 U.S.C.A. §512 (f), any person who knowingly misrepresents under said section is liable for any damages, including costs and attorneys' fees.

56. As a direct and proximate result of the Defendants' material misrepresentations with respect to the counter notification, the Internet hosting provider continued to allow Defendants to exhibit and market the infringing materials on the Internet, causing Plaintiff damages in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Service Lighting prays for the following relief:

1. Preliminary and permanent injunctive relief as follows:
   a. That Defendants, Defendants' owners, principals, officers, employees and agents immediately cease and desist from infringing Service Lighting's copyrights by immediately discontinuing their hosting,

       posting, copying, promotion and/or marketing of the custom, high-resolution photographic images of Plaintiff;

    b. That Defendants, Defendants' owners, principals, officers, employees and agents immediately return to Plaintiff all high-resolution photographic images of Plaintiff in their possession; and

    c. That Defendants, Defendants' owners, principals, officers, employees and agents destroy all electronic copies of Plaintiff's high-resolution photographic images.

2. An award to Plaintiff of damages, including but not limited to damages for past infringement, in an amount to be determined, such amount to be in excess of $75,000.00, plus interest, costs and expenses, disbursements, exemplary damages and attorneys' fees in this action;

3. An award to Plaintiff of damages in an amount to be determined for the purposeful misrepresentations made under the Digital Millennium Copyright Act, plus interest, costs and expenses, disbursements and attorneys' fees; and

4. An award to Plaintiff for such other and further relief as the Court deems just and equitable.

[SIGNATURE PAGE FOLLOWS]

Dated: October 25, 2011				HENNINGSON & SNOXELL, LTD.

							s/ Mark V. Steffenson
							Mark V. Steffenson
							Attorney Reg. No. 178457
							Craig T. Dokken
							Attorney Reg. No. 187549
							6900 Wedgwood Road, Suite 200
							Maple Grove, MN 55311
							(763) 560-5700

							Attorneys for Plaintiff