UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SERVICE LIGHTING, INC., | Case No. 11-CV-3144 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| BUYLITES, INC. LLC and GLASS SURFACE SYSTEMS, INC., | |
| Defendants. | |

Craig T. Dokken, Janet C. Ampe, and Mark V. Steffenson, HENNINGSON & SNOXELL LTD, and Jacob D. Parsley, SIELOFF & ASSOCIATES, PA, for plaintiff.

Steven J. Lodge, STEVEN J LODGE PLLC, for defendants.

Plaintiff Service Lighting, Inc. ("Service Lighting") has sued defendants BuyLites, Inc. LLC and Glass Surface Systems, Inc. (collectively "the defendants" and individually "BuyLites" and "GSS") for copyright infringement and violations of the Digital Millennium Copyright Act. This matter is before the Court on Service Lighting's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). The defendants, through counsel, oppose entry of judgment and ask that the Court set aside the clerk's entry of default pursuant to Fed. R. Civ. P. 55(c) so that they may defend the lawsuit on the merits. For the reasons that follow, the Court denies Service Lighting's motion for default judgment and grants the defendants' request to set aside the entry of default.

Default judgment is a disfavored manner of resolving disputes, as there is a strong "judicial preference for adjudication on the merits . . . ." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993); *see also Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) ("The entry of default judgment should be a rare judicial act." (internal quotations omitted)); *Trustees*

*of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1064 (D. Minn. 2007) ("Default judgments are a necessity, but they are not favored by the law . . . ." (internal quotations omitted)). Pursuant to Fed. R. Civ. P. 55(c), courts "may set aside an entry of default for good cause . . . ." To determine whether good cause exists, courts should consider "'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)).

As to the conduct of the defaulting party, courts distinguish between "intentional delay or disregard for deadlines and procedural rules" (which is rarely excusable) and "a marginal failure to meet pleading or other deadlines" (which is often excusable). *Johnson*, 140 F.3d at 784 (internal quotations omitted). Here, there is no evidence that the defendants acted in bad faith or that they intended to delay or obstruct the lawsuit. Instead, it appears that the parties were actively negotiating a non-judicial resolution to their dispute. In fact, it appears that the parties reached some type of agreement under which the defendants removed the allegedly infringing photographs from their website. Under these circumstances, it is understandable why defendants believed that their dispute with Service Lighting would soon be resolved without the need to incur attorney's fees and other expenses.

The defendants further argue that setting aside the default is appropriate because they have meritorious defenses. Specifically, the defendants maintain that GSS and BuyLites are separate and distinct legal entities. The complaint, say the defendants, fails to allege any actionable conduct by GSS, and also does not allege that GSS should be vicariously liable for

-2-

BuyLites' alleged infringement. Lastly, the defendants contend that the amount of damages that Service Lighting seeks is excessive, especially given that they removed the allegedly infringing photographs from their website shortly after Service Lighting filed suit. The Court agrees that Service Lighting's allegations against GSS are insufficient and that, based on the defendants' allegations, Service Lighting's damages request may be excessive.

Finally, the Court agrees with the defendants that setting aside the default would not prejudice Service Lighting. *See Johnson*, 140 F.3d at 785 ("[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits.").

In light of the strong judicial policy against default judgments, the Court denies Service Lighting's motion for default judgment and sets aside the clerk's entry of default so that the defendants may defend the lawsuit on the merits. The defendants are warned, however, that future failures to comply with the deadlines set forth in the Federal Rules of Civil Procedure, the local rules of this District, and the orders of this Court will not be tolerated.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for default judgment [Docket No. 22] is DENIED WITHOUT PREJUDICE.

2. The clerk's entry of default against the defendants [Docket No. 21] is set aside.

3.        The parties must contact Magistrate Judge Franklin Noel's chambers to schedule a pretrial conference by no later than Monday, May 21, 2012.

Dated: May 15, 2012                                          s/Patrick J. Schiltz
                                                                      Patrick J. Schiltz
                                                                      United States District Judge